O

# United States District Court
# Central District of California

| | |
|---|---|
| JINNO INTERNATIONAL USA, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NECESSARY OBJECTS, a business entity of form unknown; MACY'S INC. individually and doing business as "Bloomingdales," a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-03380-ODW (JPRx)<br><br>**ORDER DENYING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR NECESSARY OBJECTS [43]** |

## I. INTRODUCTION

Todd M. Lander of the law firm Freeman, Freeman & Smiley, LLP ("Counsel"), counsel of record for Defendant and Cross-Claimant Necessary Objects, seeks leave to withdraw as counsel for Necessary Objects. (Mot. for Leave to Withdraw as Counsel of Record ("Mot."), ECF No. 43.) The Motion is unopposed. However, for the reasons discussed below, the Court **DENIES** the Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On April 23, 2018, Plaintiff Jinno International USA, LLC ("Jinno") filed its Complaint in this matter against Defendants Necessary Objects ("Necessary Objects") and Macy's Inc. ("Macy's") asserting copyright infringement of a certain textile design. (*See* Complaint, ECF No. 1.) Macy's filed a cross-claim against Necessary Objects for breach of contract and indemnification, asserting Necessary Objects was a vendor of Macy's, but Macy's later dismissed its cross-claim. (Macy's Answer and Cross-cl. 5, ECF No. 12; Notice of Dismissal, ECF No. 33.) After Jinno amended Doe Defendant 1 to name Defendant Elotex International, Inc. ("Elotex"), Necessary Objects filed a cross-claim against Elotex for breach of warranty, asserting Necessary Objects purchased fabric bearing the alleged infringing design from Elotex. (Order on Pl.'s Notice of Doe Amendment, ECF No. 17; Necessary Objects's Answer and Cross-cl. ¶¶ 4, 6, ECF No. 19.) Fact and Expert discovery cutoffs are set for February and March 2019, respectively. (Order Granting Stipulation to Continue, ECF No. 47.) A jury trial is scheduled to commence on June 18, 2019. (*Id.*)

Counsel represents both Macy's and Necessary Objects in this action. (*See* Necessary Objects's Answer and Cross-cl. 1; Notice of Appearance and Ass'n. of Counsel, ECF No. 34.) On December 6, 2018, Counsel moved for leave to withdraw as counsel of record for Necessary Objects, on the grounds that Counsel's "relationship with Necessary Objects has broken down," and "Necessary Objects has been utterly unresponsive to [Counsel's] correspondence and inquiries." (Mot. 4, 5.) Counsel's motion is unopposed.

## III. LEGAL STANDARD

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 09-cv-3200-PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2; *see also Darby v. City of*

*Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action . . . and must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. "An attorney requesting leave to withdraw from representation of an organization of any kind . . . must give written notice to the organization of the consequences of its inability to appear pro se." C.D. Cal. L.R. 83-2.3.4. Corporations cannot appear pro se in federal court. C.D. Cal. L.R. 83-2.2.2; *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (stating that a corporation "may appear in the federal courts only through licensed counsel"). In determining whether good cause is shown, a court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal-Bay Int'l, Inc.*, No. 06-cv-1082–WMc, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007).

## IV. DISCUSSION

Although the Court recognizes that permissive withdrawal may be warranted due to the lack of communication between Necessary Objects and Counsel, the Court must deny the instant Motion. *See* Cal. R. Prof'l Conduct 1.16(b)(4) (Nov. 1, 2018) (recognizing permissive withdrawal where the client's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively") (replacing Cal. R. Prof'l Conduct 3-700(C)(1)(d) (1992)).

Trial is six months away, so the likelihood of delay is minimal. Additionally, no party to this action objected to Counsel's Motion, indicating a lack of prejudice to other litigants. Further, Counsel methodically establishes compliance with the Court's local rules. Counsel declares he has given written notice to Necessary Objects reasonably in advance of the hearing on this Motion and to all other parties that have appeared in the action. (Decl. of Todd M. Lander ("Lander Decl.") ¶ 6, ECF No. 43-

1.)  He declares he has informed Necessary Objects, through its CEO William Kaufman, that it may not appear pro se in this case and faces consequences in this action if it should fail to obtain counsel.  (Lander Decl. ¶ 7.)

However, Counsel declares this written notice was provided to Necessary Objects at an address on 4th Avenue, which is inconsistent with the address at which Necessary Objects was served with the Complaint in this action, on 47th Avenue. (*See* Proof of Service (Summons and Complaint), ECF No. 10; *compare* Lander Decl. ¶ 6; Certificate of Service (Motion) 2, ECF No. 44.)  Written notice delivered to the wrong address would not inform Necessary Objects of this Motion or its inability to appear pro se.  Because it is unclear that Necessary Objects has been provided written notice as required by the Local Rules, the Court **DENIES** Counsel's Motion **WITHOUT PREJUDICE**.

### V. CONCLUSION

For the foregoing reasons, Counsel's Motion is hereby **DENIED WITHOUT PREJUDICE**.  (ECF No. 43.)

**IT IS SO ORDERED.**

January 8, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**